IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF MARYLAND, NORTHERN DIVISION

DEBORAH GAIL FROCK,                 *

    Petitioner,                    *

        v.                           *   CIVIL NO.:    WDQ-11-1495
                              *   CRIMINAL NO.: WDQ-09-0093
UNITED STATES OF AMERICA,           *

    Respondent.                    *
                              *
*   *   *   *   *   *   *   *   *   *   *   *   *   *

MEMORANDUM OPINION

Deborah Frock pled guilty to commercial sex trafficking of a minor. On June 24, 2009, she was sentenced to 120 months imprisonment, and life supervised release. ECF No. 44. Pending is Frock's *pro se* motion to vacate, set aside, or correct her sentence under 28 U.S.C. § 2255. The Court has determined that no hearing is necessary. See Rule 8 of the Rules Governing § 2255 Proceedings. For the following reasons, Frock's motion will be denied.

I.    Background[1]

From July through October 2006, Frock befriended and spent time with a distantly related, 17 year old minor, TB. Frock gave TB marijuana and crack cocaine, then posted photographs of TB on the internet, seeking commercial sexual encounters. ECF No. 35 at 8.

---

[1] The facts of the offense were stipulated in the plea agreement. ECF No. 35.

Frock arranged for TB to engage in sexual intercourse and oral sex with adult males, who paid Frock in cash and drugs. One of the men, a truck driver, drove TB from Maryland to Massachusetts and back, and paid Frock in crack cocaine. Frock arranged for TB to be transported within Maryland and to Virginia to be photographed having sex with adult men. *Id.*

On February 25, 2009, Frock was indicted for using a minor to engage in sexually explicit conduct for the purpose of producing pornography, in violation of 18 U.S.C. § 2251(a). ECF No. 21. Assistant Federal Public Defender Joseph Lee Evans, Esq. represented Frock. On March 6, 2009, then-Magistrate Judge James Bredar granted Frock's motion for new counsel. ECF No. 24. Robert Waldman, Esq., was appointed to represent Frock. ECF No. 26.

On March 18, 2009, Frock signed a plea agreement in which she admitted her acts with TB and agreed that the adjusted offense level, before chapter 3 or 4 adjustments, was 34. ECF No. 35 ¶7(d). She and the government agreed that "no other . . . . sentencing guidelines factors, potential departures or adjustments set forth in the United States Sentencing Guidelines will be raised or are in dispute." *Id.* ¶9.

The government agreed not to oppose a two-level reduction in the offense level for acceptance of responsibility and to move for an additional one-level decrease. *Id.* ¶7(e). It also

agreed to recommend a 120 month sentence, the mandatory minimum and a departure from the advisory guidelines range.[2]  *Id.* ¶12. The plea agreement did "not affect the Court's discretion to impose any lawful term of supervised release."  *Id.*  It stated that Frock's conviction would subject her to "a maximum term of supervised release of life and no less than five years."  ECF No. 35 ¶3.

Frock acknowledged that she understood and voluntarily agreed to the plea agreement and did not wish to change any part of the stipulation, as the stipulated facts were true.  ECF No. 35 at 7, 8.  Waldman represented that he had reviewed the agreement with Frock, and Frock had told him she understood and accepted the terms, and was signing the agreement voluntarily.  *Id.* at 7.  Both signed the plea agreement.  *Id.* at 7, 8.  Frock orally repeated these representations to the Court at her rearraignment.  ECF No. 52 at 9:14-25, 10:1-20, 13:8-11.

On March 27, 2009, the government filed a superseding information charging Frock with commercial sex trafficking of a minor, in violation of 18 U.S.C. § 1591(a), (b)(2).  ECF No. 31.

---

[2] With a total offense level of 31 and criminal history category IV, Frock's guidelines range was 151 to 188 months.  See ECF No. 35 (agreeing that offense level was 31); ECF No. 63 at 19:20-24 (adopting plea agreement offense level); Statement of Reasons at 1 (sealed) (concluding criminal history category was IV); U.S.S.G. Ch. 5 Pt. A (sentencing table).

On April 1, 2009, Frock waived her right to an indictment and pled guilty to the superseding information pursuant to a plea agreement. ECF No. 33. During the plea colloquy, Frock stated that she understood the charges and plea agreement, was not under the influence of alcohol, drugs, or narcotics, and had never been a patient in a mental hospital or under the care of a psychiatrist or psychologist. ECF No. 52 at 5:19-21, 6:19-21, 7:7-10. Frock also told the Court that she had discussed the superseding information with Waldman, he answered all her questions, he had not done anything she told him not to do, and he had not refused to do anything she asked him to do. She said she was satisfied with his services. ECF No. 52 at 7:17-25, 8:1-7. Frock said that she had not been threatened or forced to plead guilty, or promised anything outside the plea agreement. *Id.* at 10:14-20. Frock was told that her conviction would carry a mandatory minimum sentence of 10 years and a maximum supervised release term of five years.[3] *Id.* at 5:5-9.

On June 1, 2009, Frock moved to withdraw her guilty plea, arguing that she had not entered it knowingly or voluntarily, and was innocent. ECF No. 38. On June 23, 2009, the Court held a hearing on Frock's motion, denied it, and sentenced her to 120

---

[3] The Presentence Report, like the plea agreement, noted that Frock was eligible for up to life supervised release, and that the advisory guidelines range was life supervised release. Presentence Report (sealed) at 16.

4

months imprisonment and lifetime supervised release. ECF No. 53.

Frock appealed her sentence, and Michael Montemarano, Esq., who had been appointed to represent her, filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967). On July 9, 2010, the Fourth Circuit affirmed the Court's refusal to allow Frock to withdraw her guilty plea, and Frock's sentence, finding that her claims of innocence and involuntariness "were without factual support," the plea was knowing and voluntary, and her sentence was consistent with the plea agreement. ECF No. 54 at 2-3. The Fourth Circuit held that although the Court had stated at her rearraignment that Frock would only be subject to five years supervised release, "there was no plain error because Frock's substantial rights were not violated." *Id.* at 3. It noted that the plea agreement noted the correct supervised release range. *Id.* The Fourth Circuit remanded Frock's case to correct a clerical error in the Judgment and Commitment document. *Id.*

On May 31, 2011, Frock moved to vacate her sentence. ECF No. 60. The government opposed the motion. ECF No. 64.

II. Analysis

Frock contends she is entitled to a new plea hearing because she did not knowingly or voluntarily plead guilty, her attorney provided ineffective assistance of counsel by coercing

her to plead guilty, and her criminal history was miscalculated. ECF No. 60 at 4-6.

A. Voluntariness of the Plea

Frock contends that her plea was not knowing or voluntary because she was not given enough time to "weigh her options on pleading or defending her case," and the Court did not investigate whether she "was thinking rationally" when she pled guilty.

A guilty plea is constitutionally valid if it "represents a voluntary and intelligent choice among the alternative courses of action open to the defendant." *Beck v. Angelone*, 261 F.3d 377, 394 (2001). This requires that the defendant understand "the nature of the constitutional rights [s]he is waiving, [and] . . . the charges against [her]." *Id.* An adequate Rule 11 plea colloquy, informing the defendant of the facts admitted, the rights waived, and the sentence she may face is evidence that a plea is knowing and voluntary. *United States v. Faris*, 388 F.3d 452, 457 (4th Cir. 2004). Further, "[a]bsent clear and convincing evidence to the contrary, [a petitioner] is bound by the representations [s]he made during the plea colloquy." *Beck*, 261 F.3d at 396 (internal quotation marks and citation omitted).

Frock has submitted no evidence contradicting her sworn statements that she understood the charges against her and the rights she was waiving, had not been forced to plead or promised

anything not in the plea agreement, and understood what she was doing. ECF No. 52 at 5:19-21, 6:19-21, 7:7-25, 8:1-7, 10:14-20. Accordingly, she has not shown that her plea was involuntary and/or uninformed.[4]

    B.    Ineffective Assistance of Counsel

        1.    Legal Standard

The Sixth Amendment guarantees the effective assistance of counsel. *Strickland v. Washington*, 466 U.S. 668, 686 (1984). To prove ineffective assistance, Frock must show: (1) counsel's performance was deficient and (2) the deficiency prejudiced her defense. *Id.* at 687. To show deficient performance, Frock must establish that counsel made errors so serious that the "representation fell below an objective standard of reasonableness." *Id.* at 688.

To show prejudice, she must demonstrate a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. Frock must show that she would not have pled guilty if counsel had not erred. *Hill v. Lockhart*, 474 U.S. 52, 59 (1985).

---

[4] Further, in light of her denials of past psychological illness or treatment, the Court and Waldman were permitted to rely on Frock's stated appraisal of her mental condition when she pled guilty. *Cf. Haynes v. United States*, 451 F. Supp. 2d 713, 723 (D. Md. 2006) (court need only order a competency hearing if it has "reasonable cause" to question the defendant's competency; court has no reason to question competency of a defendant with apparent understanding of the proceedings and no history of mental or emotional problems).

2.   Counsel's Coercion

Absent clear evidence that they were not true, *Beck*, 261 F.3d at 396, Frock is bound by her statements at the plea colloquy that she had not been coerced into pleading, and was satisfied with counsel's services. ECF No. 52 at 7:17-25, 8:1-7, 10:14-16. Accordingly, she has not shown that Waldman coerced her into pleading guilty.

3.   Misadvice on Length of Supervised Release Term

Similarly, at rearraignment Frock stated that she was not pleading guilty based on any promises outside the plea agreement. ECF No. 52 at 10:17-20. The plea agreement stated that the Court would be allowed to sentence her to up to lifetime supervised release. ECF No. 35 ¶3. Accordingly, if Waldman erroneously told her she would not face more than five years supervised release, Frock signed--and stated that she had read--the plea agreement, which indicated that she faced at least five years supervised release, and up to life. Frock swore that she had read the agreement in which Waldman's alleged promise of a five year term of supervised release was contradicted. She pled guilty after reading, understanding, and agreeing to the terms of the agreement. Frock has not shown that she would not have pled guilty had Waldman told her she was subject to lifetime supervised release. *See Hill*, 474 U.S. at 59. Given her advisory guidelines range had she been convicted

8

at trial,[5] it is highly unlikely that she was coerced into accepting the favorable terms of her agreement.

C.   Criminal History Calculation

Frock argues that the miscalculation of her criminal history category violated her due process rights. ECF No. 60 at 6. Frock was sentenced to the statutory mandatory minimum sentence. Her criminal history category did not determine--or affect--her sentence. Accordingly, any miscalculation did not injure her.

Further, as Frock did not raise her criminal history calculation on appeal, see ECF No. 54, she is procedurally barred from raising it now. Haynes v. U.S., 451 F. Supp. 2d 713, 723 (D. Md. 2006).

D.   Certificate of Appealability

A certificate of appealability ("COA") must issue before a petitioner may appeal the decision in a 28 U.S.C. § 2255 case. See 28 U.S.C. § 2253(c)(1); Fed. R. App. P. 22(b). A COA may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional

---

[5] Which would have been 201 to 262 months (based on an offense level of 34--her offense level without the adjustments for acceptance of responsibility--and a criminal history category IV). U.S.S.G. Ch. 5 Pt. A (sentencing table).

claims debatable or wrong," *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)), or that "the issues presented were adequate to deserve encouragement to proceed further," *Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003) (internal quotations omitted). Denial of a COA does not prevent a petitioner from seeking permission to file a successive petition or pursuing her claims upon receipt of such permission.

Because Frock has not made a substantial showing of the denial of constitutional rights, this Court will not issue a COA.

III. Conclusion

For the reasons stated above, Frock's motion to vacate, set aside, or correct sentence will be denied.

\_\_3/27/12\_\_
Date

_____
William D. Quarles, Jr.
United States District Judge